**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| **JANE DOE DA** | ) |
|         **An individual** | ) |
| | ) |
| **v.** | ) **Case No.:** |
| | ) |
| | ) |
| **CIRCLE OF HOPE GIRLS RANCH AND** | ) |
| **BOARDING SCHOOLS,** *et. al.* | ) |
| | ) |
| | ) |
| **BOYD HOUSEHOLDER (deceased),** | ) |
|  **STEPHANIE HOUSEHOLDER,** | ) |
| *husband and wife* | ) |
| | ) |
| **Serve at:** | ) |
| | ) |
|      **19205 East Overland Road** | ) |
|      **Nevada, MO** | ) |
| | ) |
| **CIRCLE OF HOPE GIRLS RANCH AND** | ) |
| **BOARDING SCHOOLS** | ) |
| | ) |
| **Serve at:** | ) |
| | ) |
| **JEFFREY ABLES, individually and as** | ) |
| **Director of Circle of Hope Girls' Ranch and** | ) |
| **Boarding School** | ) |
| | ) |
| **Serve at:** | ) |
| | ) |
| **516 S. Bermier Ave.** | ) |
| **Springfield, MO 65802** | ) |
| | ) |

<u>**COMPLAINT FOR DAMAGES**</u>

      COMES NOW Plaintiff, DA, by and through her counsel, and for her Petition for Damages

against Defendants hereby states as follows:

1.     All the Defendants named herein have acted together and separately to abuse children at their unlicensed "schools" and "ranches," supporting one another and failing to report the known abuses and/or covering up these abuses.

2.     Defendants Boyd and Stephanie Householder and Circle of Hope Girls Ranch and Boarding Schools forced Plaintiff DA into forced labor, which is defined as a condition of servitude induced by means of a pattern of behavior intended to cause a person to believe that if the person does not enter into or continue the servitude, that person or another person will suffer substantial bodily harm or physical restraint.

3.     Defendants Boyd and Stephanie Householder and Circle of Hope Girls Ranch and Boarding School engaged in sex trafficking and involuntary servitude in violation of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008.

4.     Defendants Boyd and Stephanie Householder and Circle of Hope Girls Ranch defrauded Plaintiff and her parents of substantial sums of money and the tort of fraud under Missouri law.

5.     Defendants Boyd and Stephanie Householder and Circle of Hope Girls Ranch failed to supervise the staff and administrators allowing the abuses set forth herein to occur.

6.     Defendant Ables failed to report the abuses that were occurring at the Girls Ranch to appropriate authorities, allowing the abuses to continue.

## JURISDICTION AND VENUE

7.     Plaintiff brings her Complaint under federal question jurisdiction under 28 U.S.C. § 1331, pursuant to federal laws 18 U.S.C. § 1591(a) *et seq.,* 18 U.S.C. § 1964 *et seq.* and 18 U.S.C. § 2255. This Court has jurisdiction over the causes of action asserted herein and over the parties to this action. Plaintiff asserts claims under Missouri common law for which this Court has ancillary jurisdiction under 28 U.S.C.S. § 1367.

2

8.     This Court has jurisdiction because Defendants Householder and Circle of Hope are licensed to do business or transact business in Missouri and have obtained the benefits of the laws of the State of Missouri and the benefits of the Missouri location for this Girls Ranch.

9.     The torts alleged herein occurred in the State of Missouri in multiple counties with the first injury occurring in Polk County, Missouri.

10.    Venue is proper in United States District Court for the Western District of Missouri, Southwest Division, Springfield, Missouri.

11.    The damages involved in this case well exceed the Court's minimum jurisdictional limits.

## PARTIES

12.    Plaintiff DA is a young woman and a resident of the State of Missouri. The incidents alleged herein occurred when Plaintiff was a minor. Plaintiff is currently 18 years of age.

13.    At all times material, Defendant Circle of Hope Girls Ranch and Boarding Schools, Inc. was a corporation doing business in Missouri with its principal place of business located at 20285 E Highway N, Humansville, Missouri.

14.    Defendants Boyd and Stephanie Householder were the schoolmasters and represented to Plaintiff that they were the legal guardians of Plaintiff. They engaged in abuse, harassment, forced servitude, assault, fraud, negligent supervision and hiring, and other tortious acts directed at Plaintiff. In March 2021, they were charged with 102 felony counts of abuse, neglect, endangerment, sexual abuse, and other crimes arising from their administration of the Circle of Hope Girls Ranch and Boarding Schools.

15.    Defendants Boyd and Stephanie Householder worked at Agape Boarding School prior to establishing Circle of Hope Girls Ranch and Boarding School (hereinafter "Circle of Hope").

3

16.     Defendant Ables was a Director of Circle of Hope Girls Ranch and Boarding School. Ables learned of the abuses meted out at the school by direct report from Amanda Householder in 2008 but took no remedial action and failed to report these actions to the appropriate authorities. During his time on the Board for Circle of Hope, Defendant Ables hid children from DFS / The Children's Division after reports were made to prevent the authorities from investigating any of the abuses that occurred. As a result, the abuses were allowed to continue until the Householders were arrested and the school closed.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

17.     DA arrived at Circle of Hope Girls Ranch in 2019 and lived there through August 2020. She was approximately 13-14 years old at the time..

18.     Plaintiff lived at Children's Haven, a children's home in Tupelo, Mississippi prior to her being taken to Circle of Hope.

19.     During her time at Circle of Hope Girls Ranch, she was subjected to physical, sexualized, and mental abuse and torture. She was also forced into servitude at the Circle of Hope Boarding School.

20.     When DA arrived at Circle of Hope, she was told about the program and the system of shirts. Students started the program wearing a bright orange shirt and jean jumper dress. Above the orange shirts were yellow shirts, then pink shirts, then green, purple, red, and blue-grey and neon.

21.     Yellow and black shirts could be given discipline—usually pushups—by the pink shirts if the pink-shirted students believed a rule had been broken. Green shirts were room captains. Green shirts could give anyone under them pushups. They were in charge of supervising work crews.

4

22.     Purple shirts were division leaders. They ran half of the dorm hallway and were supervisors. They could give pushups to anyone under them and were trained to restrain other children. Red shirts and blue-grey shirts were designated as staff members.

23.     If a student broke any rules, he or she could be "busted" to a black shirt. A black shirt signified sin and rebellion.  If a student was placed in a black shirt, he or she was not allowed to attend school or do schoolwork; was not allowed any breaks when working; and was given less food.

24.     During the first month there, a "guide" was assigned to each new student. The new student was required to remain within three feet of the guide at all times. If a student moved outside the three-foot zone, the student would be tackled and held down until staff came to restrain that student.

25.     "Restraint" consisted of being tackled and held down by four, sometimes five people. The student would be thrown to the ground and sat upon by other students, Boyd and Stephanie Householder. These restraints would last anywhere from a few minutes to hours.

26.     The students who wore higher level shirts were "taught" how to restrain other students by either the Householders or upper-level students. There was no training in restraint protocols by any professional organization that provides that kind of training, such as MANDT.

27.     Some students were restrained with zip ties being placed around their wrists and ankles and others were handcuffed.

28.     DA was restrained by the Householders and by other students.

29.     During the first thirty days at Circle of Hope, DA was not allowed to speak to her adoptive or biological parents. She also was not allowed to participate in any kind of schooling. The girls were not allowed to speak to each other and could be disciplined for doing so.

5

30.     Discipline included beatings, withholding of food or being force-fed food, restraint, being placed "on the wall," hours of scripture reading, being required to squat and walk like a duck, quacking, until the pain became excruciating.

31.     Being placed on the wall meant that students were required to stand in front of a wall facing it and read the Bible. Food was brought to them while they stood at the wall. They had to ask permission to relieve themselves, shower, or otherwise leave the wall. They were permitted to move from the wall only at bedtime. The children were required to be on the wall sometimes for as long as 30 days. During their time on the wall, they were not allowed to speak to anyone else and they were not allowed to participate in schooling. Plaintiff was often placed on the wall.

32.     Discipline also included extra chores, extreme physical workouts, loss of personal items, and any other kind of discipline that Boyd or Stephanie Householder created.

33.     Discipline was handed out for failing to say "yes, sir" or being "disrespectful." "Disrespectful" could mean anything depending on the mood of Boyd or Stephanie Householder.

34.     The Householders used the students as non-paid workers. The girls bucked hay for neighbors and the community, they cleared trees and dragged brush while on their hands and knees. They weeded out rows and rows of gardens. They fed, watered, and otherwise cared for the livestock. Sometimes Boyd or Stephanie would require them to scrub the floors with toothbrushes.

35.     Water breaks were often not allowed in the summer, and in the winter the girls were given only light clothing to wear.

36.     The students were assigned excessive chores and work, cleaning, cooking, filing, outdoor work, caring for the animals including bathing, treating injuries, and feeding.

Case 6:24-cv-03259-JAM   Document 1   Filed 09/03/24   Page 6 of 25

37.     The Householders required excessive workouts and pushups. Sometimes, the pushups and workouts would last for hours until the girls were in physical pain and exhausted. Failing to complete the assigned workouts and pushups led to restraint and more pushups.

38.     The girls were mentally abused, being told consistently that they were shameful, nobody loved them, and no one would ever care for them. Boyd Householder told the girls that they had brown shirts because they were shit. He placed Plaintiff in a brown shirt following that proclamation.

39.     The girls were denied feminine hygiene products; when she told Stephanie Householder she was menstruating, Householder told her she was lying and made her use toilet paper for her needs. She was not allowed any personal items, including personal hygiene items.

40.     DA endeavored to follow the rules. Nonetheless, because the rules changed depending upon the mood of the Householders, she was subjected to harsh discipline.

41.     On one occasion, Boyd Householder put DA on the wall. She began singing a Christian song along with Ava, another girl who was at Circle of Hope. Householder became infuriated and wrapped tape around their heads.

42.     After Householder punished DA while she was on the wall, the grabbed her off the wall and placed her on his lap. She thought he was going to molest her so she headbutted him.

43.     After that, Householder's punishments of DA became even more severe. He had Plaintiff pull weeds and while she was picking them, he grabbed her and shoved her face into animal manure and held her there.

44.     On another occasion, he restrained her in mulch. He buried her face so she could not breathe and she began screaming. He got a dirty sock and shoved it into her mouth.

7

45.     She screamed that her face was burning and he grabbed a water hose and began "water boarding" her, choking her with the water.  She thought she was going to die.

46.     Then, she was taken inside and beat with a leather strap and a wooden instrument.  She was put in pushup position.  While she was in the pushup position, she was bitten by the Householder's dog in the face.

47.     Householder told the dog – named Duchess – that she was a good girl for biting DA.

48.     On another occasion, Ava and DA were talking in bed.  Boyd Householder came in, ripped her from the bed, hitting her so hard she saw stars.  He threw her back into the bed.

49.     Boyd Householder frequently visited the shower when the girls were bathing.  One time, he came into the shower and pulled DA out.  He made her get dress, took her outside, and then he chased her around the property on a quad runner.  He hunted her as if she were an animal.  As she ran from the quad runner, Householder taunted her.

50.     Stephanie and Boyd Householder put Wasabi paste in Plaintiff's mouth and on her cheeks as a form of punishment.  They also put Wasabi paste on the girls' hands to prevent them from masturbating.

51.     The girls were instructed to knock out one of the girls.  DA was in the room when the video was surreptitiously made of Boyd Householder making the instruction while Stephanie Householder laid on the couch watching.

https://www.tiktok.com/@survivorsvoicesmatter/video/7214601692434697518?lang=en

52.     During the time that DA was at Circle of Hope, she experienced bodily injury that never received any medical treatment.

53.     Plaintiff has also suffered severe emotional and psychological injuries. She witnessed horrific abuses meted out to the other students. The Householders used the constant threat of severe abuse to coerce Plaintiff and other students into compliance with their requests. She lived in fear for the entire time she was at Circle of Hope and suffers anxiety, post traumatic stress disorder and other psychological issues to this day.

54.     The "education" promised by Circle of Hope was a sham. Plaintiff discovered that the "credits" she earned at the ranch were not accredited hours and did not count toward a high school diploma in any state.

55.     The Householders normalized the abuses that Plaintiff suffered, essentially brainwashing her into believing that they were the only people in the world who cared for her and that she would be unable to care for herself if she left the premises.

56.     Circle of Hope and the Householders held themselves out as Independent Fundamentalist Baptist educators across state lines and in interstate commerce. Circle of Hope and the Householders did so for the purpose of benefiting financially from the interactions.

57.     Circle of Hope and the Householders used their positions to engage in physical, sexual, mental abuse, and torture of the girls who were placed at their facility, while charging their parents.

58.     Initially, the Householders worked for James Clemenson at the Agape boys ranch. During that time, Amanda Householder made a report about the abuses being meted out by the Householders.

59.     The report made it to James Clemenson who confronted Amanda and told her she deserved all of the punishments that she and the others received. He then reported to the Householders Amanda's complaints, causing her to be punished again.

9

60.     Plaintiff was told that law enforcement was employed by Circle of Hope and that she would not be believed and/or would be placed in juvenile detention if she spoke to anyone about her abuse, attempted to run away, or failed to follow their rules.

61.     Plaintiff was not allowed to make any reports to her adoptive parents or to write letters telling anyone what was happening.  All letters sent by the students were opened and all phone calls monitored.

62.     Plaintiff was terrorized by observing the punishments meted out to the residents of Circle of Hope.

63.     She was required to watch as girls at the Ranch were punched in the face, choked, beaten, and whipped.

64.     Plaintiff saw girls being forced into the cold wearing only thin skirts or dresses. If they in any way displeased Boyd Householder, he would cut all of their hair off.  Plaintiff had her hair cut off and required to wear pig tails as a way to humiliate her.

65.     She watched as girls were force-fed until they vomited and then force-fed their vomit.

66.     She saw girls punished by having their food withheld and food was withheld from her as well.  Food was often used as leverage over the girls to control them and as a punishment.

67.     Prior to leaving Circle of Hope, Defendants Boyd and Stephanie Householder used threats to the safety of Plaintiff to force Plaintiff into subservience.

68.     Jeffrey Ables received reports about the Householders' inappropriate predation on the students at Agape as well as the school in Florida from which the Householders had come.

69.     Ables received direct reports regarding the actions of the Householders.

70.     Ables furnished tools and materials to aid and abet the conduct as alleged herein.

10

71.     Ables ratified the wrongful conduct described herein.

72.     As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has sustained loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT I: Action under 18 U.S.C. § 1581 *et seq.*
**(All Defendants)**

73.     Plaintiff incorporates all paragraphs of this Petition heretofore pleaded as if fully set forth herein.

74.     At the time Plaintiff was taken to Circle of Hope, Plaintiff was approximately 13 years of age. Plaintiff was approximately 14 years of age when she left Circle of Hope in late 2020. She is currently 18 years of age.

75.     Circle of Hope, Ables in his role as Board Member of Circle of Hope, Boyd and Stephanie Householder engaged in activities that affected interstate commerce, including transporting of students across state lines, advertising and/or solicitation for students via the internet, conferences, direct advertising and other means across state lines and otherwise engaging in activities that affect interstate commerce.

76.     Defendants Circle of Hope, Boyd and Stephanie Householder placed Plaintiff in a condition of peonage while she resided at Circle of Hope.

77.     Plaintiff was held and worked by lawless methods against her will for the purpose of compelling her to discharge real or alleged obligations, creating a condition of peonage under the 13th Amendment to the United States Constitution.

11

78.     Defendants Circle of Hope, Boyd and Stephanie Householder knowingly obtained the labor or services of Plaintiff by means of force, threats of force, and threats of physical restraint to her and others in violation of 18 U.S.C. § 1589.

79.     Defendants Circle of Hope, Boyd and Stephanie Householder knowingly obtained the labor or services of Plaintiff by means of serious harm or threats of serious harm to her or others in violation of 18 U.S.C. § 1589(a)(2).

80.     Defendants Circle of Hope, Boyd and Stephanie Householder knowingly obtained the labor or services of Plaintiff by means of threatened abuse of law or legal process in violation of 18 U.S.C. § 1589(a)(3).

81.     Defendants Circle of Hope, Boyd and Stephanie Householder knowingly obtained the labor or services of Plaintiff by means of a scheme, plan, and pattern intended to cause Plaintiff to believe that she or another person would suffer serious harm or restraint in violation of 18 U.S.C. § 1589(a)(4).

82.     Defendants Circle of Hope, Ables, and the Householders engaged in a joint adventure in establishing Circle of Hope and in hiding the treatment of these children from The Children's Division, law enforcement, parents and all authorities that could have protected these children. Each of these Defendants benefitted from the participation in the joint adventure as an advertising tool and through jointly sponsored events, bringing notoriety, additional opportunities for fundraising, and prestige to each of the Defendants.

83.     All of the Defendants named in this count acted in reckless disregard of the fact that the venture engaged in the providing of labor through force, physical restraint, threats of physical restraint, serious harm or threats of serious harm to Plaintiff or another, through abuse of law and legal process, and by means of a scheme, plan, or pattern intended to cause Plaintiff to

12

believe that she would suffer serious harm or physical restraint if she failed to provide the labor or services.

84.     Defendants Circle of Hope, Ables, Boyd and Stephanie Householder all received benefits of value from participating in the joint venture in which peonage, slavery, and trafficking in persons occurred. Each Defendant acted knowingly or in reckless disregard of the fact that the venture engaged in these violations.

85.     Defendants knew or should have known that Circle of Hope, Boyd and Stephanie Householder were engaging in acts in violation of 18 U.S.C. § 1581 *et seq.* as part of their joint venture.

86.     The actions described herein occurred less than ten years after the cause of action arose.

87.     As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 2: FRAUD AND CONSPIRACY TO COMMIT FRAUD
### (All Defendants)

88.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

89.     Defendants knew or should have known of the sexual harassment, misconduct, and other inappropriate behavior of their agents, including Defendants Householder as described herein.

90. Defendants engaged in trickery, deceit, and acts of deluding Plaintiff as set forth in the Background Facts Applicable to All Counts, knowing that Boyd and Stephanie Householder were dangerous.

91. Defendants misrepresented, concealed, or failed to disclose information relating to sexual and physical misconduct of their agents, including engaging in the following willful acts intended to deceive:

a. telling Plaintiff that she deserved the beatings and other disciplinary acts;

b. hiding the abuses from the Division of Family Services and threatening the students including Plaintiff to prevent them from being disclosed;

c. refusing to investigate or report the allegations of abuse made to them by students, DFS, former staff members, and others;

d. other similar acts.

92. Defendants Circle of Hope and Ables continued to place the Defendants Householder in positions allowing them to be in contact with and in supervision over Plaintiff and students following knowledge of their inappropriate behavior.

93. Defendants ignored reports that Boyd and Stephanie Householder were engaging in inappropriate sexual and physical activity and harassment with vulnerable children.

94. Defendants deliberately failed to warn, report, or inform any other individuals or organizations about the Householders' use of their positions of power to injure others.

95. Defendants deliberately misled the public in their communications regarding Circle of Hope and the Householders, holding them out to be in good standing after having received reports of inappropriate behavior on their part.

96.     The Defendants, including Ables, Clemenson and Agape, had a duty to speak. Their silence amounts to a representation.

97.     Defendants knew that they misrepresented, concealed, or failed to disclose information they had the duty to disclose relating to misconduct of their agents.

98.     Defendants had superior knowledge or information not within the fair and reasonable reach of Plaintiff and failed to disclose that information.

99.     Defendants knew of the existence of the torts of sexual and physical abuse and failure to supervise.

100.    Defendants used deception to conceal these torts from Plaintiff and all who would act on her behalf as a minor.

101.    Defendants, including Ables, Clemenson, and the Agape Defendants, represented to the public at large that the Householders and Circle of Hope were outstanding with special skills and abilities to help children in their moral and educational formation.

102.    Plaintiff relied upon that deception and concealment remaining ignorant that torts were committed upon her.

103.    These actions constitute fraud by silence.

104.    The Householder Defendants used deception, coercion, and threats to wrest from Plaintiff her inheritance and her social security benefits due to her by virtue of her father's death.

105.    Upon information and belief, Defendants, in concert with each other, with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal, or fail to disclose information relating to the misconduct of Defendants Boyd and Stephanie Householder, prohibiting public scrutiny or investigation into their acts of misconduct.

15

106. By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

107. Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages and/or damages for aggravating circumstances are appropriate.

108. As a direct result of Defendants' fraud and conspiracy, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT 3: CONSTRUCTIVE FRAUD
**(All Defendants)**

109. Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

110. By virtue of the special relationship between Plaintiff and the Defendants, as set forth in the Background Facts Applicable to All Counts, and Count 2, Defendants had a special duty to Plaintiff to protect Plaintiff and others from the abuses described in the Background Facts Applicable to All Counts.

111. Instead of protecting Plaintiff and others from known perpetrators, Defendants used their positions of power and authority to manipulate, brainwash, silence, and cow Plaintiff into servitude and quiescence.

112. Defendants failed to disclose and/or intentionally disguised Defendants Householders' abuses and history of abuse of others.

113. Defendants failed to disclose their knowledge of the Householders' history of using their positions for physical and sexual abuse and assault.

16

114. Defendants engaged in such acts knowingly and/or intentionally.

115. As a result, Defendants breached their fiduciary duties to Plaintiff by engaging in the willful, reckless, and wanton conduct described herein, by failing to disclose information regarding the injurious nature of the abuse, and/or in taking acts to conceal any such information.

116. As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

117. Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

118. Defendants lied to Plaintiff, tortured Plaintiff through extreme physical abuse, forced Plaintiff into servitude, refused to protect Plaintiff when she discussed the abuses, instead setting her up for beatings that gratified the sexual desires of Boyd and Stephanie Householder, and placed Plaintiff in the zone of danger.

119. Defendants engaged in extreme and outrageous conduct, intended to cause or committed in reckless disregard of the probability of causing emotional distress and harm.

120. Defendants engaged in unconscionable, outrageous conduct beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants' conduct caused Plaintiff severe emotional distress of such a nature that no reasonable person in a civilized society could be expected to endure it.

17

121.    Plaintiff suffered medically significant and medically diagnosable distress as a result of Defendants' actions as set forth in the Background Facts Applicable to All Counts.

122.    As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that is medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 6: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Defendants Circle of Hope and Ables)

123.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

124.    Defendants knew or should have known that Plaintiff was being abused by Boyd and Stephanie Householder.

125.    Defendants engaged in affirmative acts directed toward Plaintiff that caused her to believe that the abuses were her fault and normal.

126.    Defendants failed to report or warn Plaintiff about the actions of Boyd and Stephanie Householder.

127.    Defendants engaged in actions that alerted the Householders that Plaintiff and/or other students had reached out with questions about the abuses, causing Plaintiff and other students to be further beaten and tortured.

128.    Defendants placed Plaintiff in the zone of danger when others were being tortured and/or abused by the Householders.

18

129. The Defendants should have realized that their conduct involved an unreasonable risk of causing Plaintiff emotional distress.

130. Plaintiff suffered emotional distress or mental injury that is medically diagnosable and medically significant.

131. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**COUNT 7:NEGLIGENCE**
**(All Defendants)**

132. Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

133. Defendants had a duty to protect those served by their schools from known harm by third parties.

134. Upon information and belief, Defendants, by and through their agents, servants, and employees, knew or reasonably should have known of Boyd and Stephanie Householder's dangerous and exploitative propensities and/or that they were unfit agents, and despite such knowledge, failed to take any action.

135. Defendants breached their duty to protect Plaintiff when they failed to protect Plaintiff from the abuse and undue influence described herein.

136. As a direct result of the acts or omissions described herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical

19

manifestations of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 8: NEGLIGENT SUPERVISION OF CHILDREN
### (All Defendants)

137.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

138.     Defendants all had duties, individually and in their capacities as managers and directors of Circle of Hope to supervise the children under their care.

**139.**     Amanda Householder—and even Boyd Householder—told Ables that abuse was occurring at Circle of Hope.

**140.**      Ables had knowledge and a relationship with Circle of Hope. These two factors created a duty to the girls at Circle of Hope.

141.     Defendants took no action causing the children grave harm.

142.     Further, Ables, by undertaking a consulting role with Circle of Hope, assumed a duty under the circumstances of this case.

143.     Defendants knew or should have known of the danger presented by Boyd and Stephanie Householder.

144.     Defendants failed to supervise Plaintiff, causing her injuries.

145.     As a result of the above-described acts, Plaintiff has suffered and continues to suffer shock, physical injuries, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, relationship issues, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily

20

activities and obtaining the full enjoyment of life; has lost earnings and earning capacity; and/or has incurred and may continue to incur expenses for medical and psychological treatment, therapy, and counseling.

<u>**COUNT 9: INTENTIONAL FAILURE TO SUPERVISE**</u>

146.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

147.     At all times material, Defendants Circle of Hope and Ables were the supervisors and employers of Boyd and Stephanie Householder.

148.     Defendants were aware of previous misconduct by the Householders and other staff with Circle of Hope and knew that future harm was certain or substantially certain to result without proper supervision.

149.     Defendants disregarded the known risk of sexual abuse by the Householders.

150.     Defendants' inaction caused injury to Plaintiff.

151.     Plaintiff was sexually abused on the property owned and operated by Defendants and/or was abused on premises that the Householders were allowed on solely due to their status.

152.     Defendants knew or should have known that sexual misconduct by their employees and/or designated agents would cause or was substantially certain to cause those abused harm.

153.     Despite the risk posed by Defendants Householder, Defendants continued to place them in positions in which they would have access to and power over those whom the Householders abused.

154.     Despite the risk posed by the Defendants Householder, Defendants ratified their actions by approving and paying for travel expenses and other expenses associated with outings with students, encouraging contact with students after knowing of the Householders' proclivities, and allowing the Householders to train, mentor, guide, and nurture young students.

155.    By engaging in these actions, Defendants disregarded the risk posed by the Defendants Householder.

156.    As a result of Defendants' failures to properly supervise Defendants Boyd and Stephanie Householder, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

157.    .

## COUNT 10: NEGLIGENT FAILURE TO WARN
### (Agape Defendants  Ables, and Stephanie Householder)

158.    Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

159.    Defendant Ables was a Director of Circle of Hope. As a member of the Clergy and an individual with responsibility for the care of children, as well as a volunteer for a program that offers support services to assist in the care and custody of a child, Ables had a duty to report suspicions of childhood abuse to proper authorities.

160.    Defendant Ables, in his position as Director of Circle of Hope, had a special relationship to both Plaintiff and to Boyd and Stephanie Householder.

161.    Amanda Householder, the daughter of Boyd and Stephanie Householder, reported to Defendant Ables, in his position as Director of Circle of Hope, the abuses that were occurring at Circle of Hope.

162.     Defendant Ables knew or should have known that Boyd and Stephanie Householder posed a serious danger to the students at Circle of Hope, including Plaintiff.

163.     Defendant Ables had a duty to warn the victims or their parents or guardians of the dangers that Boyd and Stephanie Householder posed to those students.

164.     Defendant Ables not only failed to warn the victims of Boyd and Stephanie Householder of their danger, but he engaged in activities that silenced Amanda Householder and other victims of Boyd and Stephanie Householder including without limitation:

      a.     Telling Amanda Householder that she was not telling the truth;

      b.     Warning Boyd and Stephanie Householder of Amanda's allegations;

      c.     Allowing Amanda Householder to be subjected to severe punishment as a result of her reports of abuse;

      d.     Failing to take any action, in his role as director of Circle of Hope, to investigate, report, warn, or otherwise protect the girl;

      e.     Affirmatively hiding children from investigating authorities at his church to prevent them from speaking to DFS;

      f.     Other similar actions that had the effect of silencing the allegations of abuse.

165.     Defendant Ables provided substantial assistance or encouragement to the Householders' breach of their duties to the students at Circle of Hope, including the Plaintiff.

166.     Despite having received specific reports of abuse by Amanda Householder and others prior to the opening of Circle of Hope, Clemenson and the Agape Defendants forged ahead with the joint venture with Circle of Hope and the Householder Defendants.

167.     As a result the acts of Defendants, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations

of emotional distress that are medically diagnosable and significant, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues triable in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court award judgment against Defendants as follows:

1. Awarding compensatory, punitive, and all other damages to which she is entitled in favor of Plaintiff against Defendants for damages sustained as a result of the wrongdoings of Defendants, together with interest thereon;

2. Awarding Plaintiff her costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's and counsel's expenses as allowed by 18 U.S.C. § 1595 and any other relevant law.

3. Granting such other and further relief as the Court deems appropriate and just.

Case 6:24-cv-03259-JAM   Document 1   Filed 09/03/24   Page 24 of 25

Respectfully submitted,

*/s/ Rebecca M. Randles*

REBECCA M. RANDLES      MO #40149
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Gladstone, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
rebecca@randlesmatalaw.com

ATTORNEY FOR PLAINTIFF

25