IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| Jane Doe D.A.,<br>   Plaintiff,<br><br>v.<br><br>Circle of Hope Girls Ranch and Boarding Schools et al.; Boyd Householder (deceased); Stephanie Householder; Jeffrey Ables, individually and as Director of Circle of Hope Girls Ranch and Boarding School,<br>   Defendants. | Case No. 6:24-cv-03259 |

**Motion for Leave to File Brief *Amicus Curiae***

Eugene Volokh moves *pro se* for leave to file a brief *amicus curiae* bearing on Plaintiff's Motion to Proceed Under Pseudonym. Volokh is a Professor of Law Emeritus at UCLA School of Law and a Senior Fellow at the Hoover Institution at Stanford University, and is the author of *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022), *If Pseudonyms, Then What Kind?*, 107 Judicature 77 (2023), and *Protecting People from Their Own Religious Communities: Jane Doe in Church and State*, 38 J.L. & Religion 354 (2023). His only interest in this case is in the fair application of the rules related to pseudonymous litigation.

**Suggestions in Support of Motion**

"[I]t is within the Court's broad discretion to permit an *amicus curiae* to participate in a pending action." *Flaws v. Akal Security, Inc.*, No. 19-06140-CV-SJ-GAF, 2020 WL 3317611, *1 (W.D. Mo., June 18, 2020). In this case, the brief may be helpful to this court because defendants have not yet appeared, and are thus unable to call

1

this Court's attention to the facts noted in this brief. Moreover, "[t]he use of fictitious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto. Proceedings are only truly public when the public knows the identities of the litigants." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024). Because of that, this brief from a nonparty would potentially be helpful to this Court in considering the public's interest.

**Proposed *Amicus* Brief**

Some courts, in deciding whether a case fits within the "limited circumstances," *id.* at 1077, in which pseudonymity is allowed, consider whether plaintiff had already publicized the claims at the heart of the lawsuit. Thus, for instance, one court considered it relevant that "Plaintiff's identity has been exposed" in news accounts and in other contexts. *Doe v. Drake Univ.*, No. 416CV00623RGESBJ, 2017 WL 11404865, *4 (S.D. Iowa June 13, 2017). Another considered it relevant that "Plaintiff herself has revealed her identity and the allegations that give rise to this lawsuit." *Doe v. Telemundo Network Grp. LLC*, No. 22 CIV. 7665 (JPC), 2023 WL 6259390, *6 (S.D.N.Y. Sept. 26, 2023). Another considered it relevant that "Plaintiff has already voluntarily disclosed the sensitive issues they seek to keep secret in this case," even though "the news story does not disclose as much as a public lawsuit would," given that "the news story still shows that Plaintiff was comfortable with putting their gender-non-conformity [the fact allegedly justifying pseudonymity in that case] in the public eye." *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220 (JPO), 2018 WL 2021588, *2-*3 (S.D.N.Y. Apr. 27, 2018). On the other hand, a different court took a different view:

> Defendants argue that contrary to Plaintiff's arguments in favor of proceeding under a pseudonym, Plaintiff has actually sought publicity initiating contact with a Thomson Reuters reporter to create publicity around the filing of the Complaint. The resulting news story named Colgate as a Defendant but did not identify Plaintiff, although it did include quotes from Plaintiff and his attorney. While this fact weighs against Plaintiff's argument that he wishes to avoid publicity in pursuing this action, it is not enough to persuade the Court that the public's interest in learning Plaintiff's identity outweighs Plaintiff's significant interest in remaining anonymous.

*Doe v. Colgate Univ.*, No. 515CV1069LEKDEP, 2016 WL 1448829, *4 (N.D.N.Y. Apr. 12, 2016) (citations omitted).

The Eighth Circuit instructs courts to consider whether "identification" of plaintiff "threaten[s] to reveal information of a sensitive and highly personal nature," *Cajune*, 105 F.4th at 1077; plaintiff's having voluntarily publicized her allegations may bear on whether the information is indeed so "sensitive." And in any event, the Eighth Circuit "emphasize[d]" that the specific factors it listed "are non-exhaustive and that other factors, or a combination thereof, may be relevant." *Id.* The past publicity connecting plaintiff to the allegations in a case may thus be considered in the pseudonymity analysis.

If this Court does think this factor is relevant, it may wish to consider that plaintiff has apparently publicly spoken out with regard to the allegations of abuse by defendants. One story names her, includes her photograph, and labels her as a former student who says defendants had abused students. It does not specifically note that plaintiff was one of the victims, but it does connect her to the allegations of abuse. Another story names her, includes her photograph, and appears to characterize her as an abuse victim and a survivor.

3

*Amicus* has elected not to cite the story, since such a citation would make it easy for members of the public to identify plaintiff from the public record. That might in some measure undermine this Court's decision in favor of pseudonymity, if that is the decision this Court chooses; *amicus* would prefer to avoid that. (To be sure, even the general discussion above might make it possible for an industrious researcher to identify plaintiff, but *amicus* thought that describing the articles generally was necessary for this Court to see their potential relevance.)

But this Court would presumably in any event require plaintiff to identify herself in a sealed document to the Court. *See, e.g.*, *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 7 (D.D.C. 2023), *reconsideration denied,* No. CV 23-1782 (JEB), 2023 WL 4744175 (D.D.C. July 21, 2023). If this Court thinks it relevant, it can then find the articles, or can ask plaintiff's counsel to provide them to this Court together with plaintiff's sealed self-identification in order for this Court to fully consider the pseudonymity motion.

In any event, *amicus* wanted to provide this information in case this Court found it useful.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh
*pro se*
Senior Fellow
Hoover Institution
434 Galvez Mall
Stanford University
Stanford, CA 94305-6003
(650) 721-5092
volokh@stanford.edu

4

**Certificate of Service**

I served plaintiff's counsel, Rebecca Randles by e-mail rebecca@randlesmatalaw.com on Sept. 5, 2024.

s/ <u>Eugene Volokh</u>