IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE D.A., an individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 6:24-cv-03259-MDH |
| ) | |
| CIRCLE OF HOPE GIRLS RANCH AND ) | |
| BOARDING SCHOOLS, et. al. ) | |
| ) | |
| BOYD HOUSEHOLDER (deceased), ) | |
| STEPHANIE HOUSEHOLDER, husband ) | |
| and wife ) | |
| ) | |
| JEFFERY ABLES, individually and as ) | |
| Director of Circle of Hope Girls' Ranch and ) | |
| Boarding School ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Proceed Using Pseudonyms. (Doc. 3). Plaintiffs filed their present Motion September 5, 2024. This matter was transferred to the undersigned September 9, 2024. Defendant has not responded to Plaintiff's present Motion.

Rule 10(a) of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties…." Similarly, Rule 17(a) proves that "[a]n action must be prosecuted in the name of the real party in interest." The Court has recognized a "strong presumption" against allowing parties to proceed in a civil action anonymously in light of the First Amendment's "interest in public proceedings such as lawsuits, which further by identifying the parties to an action. *AB v. HRB Pro. Res. LLC*, No. 4:19-cv-00817-FHS, 2020 WL 12675330, at *1 (W.D. Mo. Dec. 31, 2020).

Although the Eighth Circuit has not specifically addressed the issue, district courts in this circuit generally apply a "totality-of-the-circumstances balancing test" to determine whether a party should be allowed to proceed anonymously. *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016). The relevant inquiry is "whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. New Prime, Inc.*, No. 6:23-CV-03278-RK, 2024 WL 623932, at *2 (W.D. Mo. Feb. 12, 2024) (quoting *L.A. v. Gary Crossley Ford, Inc.*, No. 4:20-00620-CV-RK, 2020 WL 5880970, at *1 (W.D. Mo. Oct. 2, 2020). Factors weighing in favor of a pseudonym include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing "information of the utmost intimacy," (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable. *D.P. for Doe v. Montgomery Cnty., Missouri,* No. 2:19 CV 38 DDN, 2019 WL 2437024, at *1 (E.D. Mo. June 11, 2019).

Plaintiff alleges that as a minor she was a victim of abuse of incidents stemming from her time at Circle of Hope. (Doc. 3, page 2). That those alleged incidents included a violent assault and forced servitude. *Id*. Plaintiff believes given the unique nature and circumstances of the abuse, if she were required to use her name in the prosecution of this lawsuit, she and her family would be subject to public ridicule and humiliation. *Id*.

This Court finds the risk of harm to Plaintiff of proceeding without pseudonyms does not outweigh the strong presumption against allowing individuals to proceed anonymously in civil proceedings. While social stigma is a factor to be considered in favor of pseudonyms, Plaintiff has not identified specific facts that would cause it to outweigh the public interest in open court proceedings. Plaintiff has not alleged a serious risk of harm should Plaintiff use their legal name

and embarrassment to Plaintiff is not significant to outweigh any risk of prejudice to Defendant and the public interest.

## CONCLUSION

Plaintiff's Motion to Proceed Using Pseudonyms is **DENIED**. If Plaintiff wishes to proceed, Plaintiff will need to file within 14 days of this Order an amended complaint identifying her legal name in the caption and as needed throughout the Complaint.

**IT IS SO ORDERED.**
Date: October 28, 2024

                                    */s/ Douglas Harpool*
                                    **DOUGLAS HARPOOL**
                                    **UNITED STATES DISTRICT JUDGE**